IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>COURTNEY TIERRA CANTWELL,<br><br>Debtor. | Case No. 24-11574 KHT<br>Chapter 13 |

**ORDER REGARDING PLAN CONFIRMATION**

THIS MATTER came before the Court on Debtor's Amended Chapter 13 Plan (docket #55) and the Objection thereto (docket #59) filed by the Chapter 13 Trustee ("Trustee"). The parties submitted a Stipulation to Material Facts (docket #80) and briefs (docket ##82, 82). The Court is now prepared to rule and hereby finds and concludes as follows:

**I.   BACKGROUND FACTS**

In March 2015, Courtney Tierra Cantwell ("Debtor") and her father, David E. Cantwell ("Father"), obtained title to property located at 109 Stone Court, Sterling, CO 80751 (the "Property"), as joint tenants. Debtor contributed no money toward the purchase of the Property. Debtor made no tax payments, insurance payments, or maintenance payments regarding the Property. Debtor has not ever lived in the Property.

Debtor filed her Chapter 13 bankruptcy petition on April 3, 2024. She disclosed her interest in the Property on her Schedule A/B, valuing the Property at $216,400, and noted as follows: "Bare legal title. Disabled father lives in house and used his pension money to purchase home. Petitioner put on title for estate planning purposes." Trustee objected to confirmation of Debtor's Amended Chapter 13 Plan because Debtor did not include any value for her ownership interest in the Property in the Chapter 7 reconciliation.

**II.   DISCUSSION**

To obtain confirmation of her Chapter 13 plan, Debtor must satisfy each element of 11 U.S.C. § 1325(a),[1] including the "best interest of creditors" test, which provides as follows:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

§ 1325(a)(4); *see In re Hutchinson*, 354 B.R. 523, 531 (Bankr. D. Kan. 2006); *In re Elkind*, 11 B.R. 473, 475 (Bankr. D. Colo. 1981). Here, the parties disagree as to the amount

---

[1] Further references to "section" are to those of the Bankruptcy Code, 11 U.S.C., unless otherwise noted.

creditors would be paid if Debtor's estate were liquidated under Chapter 7 because they dispute the extent to which the Property is included in Debtor's estate.

Under § 541(a), property of a debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a). But, § 541(d) limits that scope, as follows:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

§ 541(d). Here, Debtor asserts she has no equitable interest in the Property, so none of it is property of her bankruptcy estate available for liquidation in a Chapter 7 case. Trustee asserts Debtor's interest in the Property is 50%.

To determine the extent of Debtor's equitable interest in the Property, the Court must look to Colorado law. *See Cohen v. Chernushin (In re Chernushin)*, 911 F.3d 1265, 1269 (10th Cir. 2018) (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)). Colorado law provides as follows:

> (a) The interests in a joint tenancy may be equal or unequal. The interests in a joint tenancy are presumed to be equal and such presumption is:
>
> > (I) Conclusive as to all persons who obtain an interest in property held in joint tenancy when such persons are without notice of unequal interests and have relied on an instrument recorded pursuant to section 38-35-109; and
> >
> > (II) Rebuttable for all other persons.
>
> (b) This subsection (6) does not bar claims for equitable relief as among joint tenants, including but not limited to partition and accounting.

Colo. Rev. Stat. Ann. § 38-31-101(6). This version of Colo. Rev. Stat. Ann. § 38-31-101(6) became effective April 25, 2008. It represents a compromise among various parties including real estate practitioners who wished to restore the traditional "four unities" repudiated in *Taylor v. Canterbury*, 92 P.3d 961, 966 (Colo. 2004), and estate planning practitioners who wished to preserve the ability to create unequal interests in joint tenancy, as recognized in cases such as *Duston v. Duston*, 498 P.2d 1174, 1175 (Colo. Ct. App. 1972). *See* Carl G. Stevens, "Evolution of Joint Tenancy Law in Colorado: Changes to CRS § 38-31-101," 38 Colo. Law. 65 (Apr. 2009). Under Colo. Rev. Stat. Ann.

§ 38-31-101(6), it is clear interests in property held in joint tenancy may be unequal, even in the absence of language to that effect in the deed or other recorded document.[2]

Trustee relies on his rights and powers as a judicial lien creditor under § 544(a)(1) or a bona fide purchaser under § 544(a)(3), arguing in the absence of recorded notice to the contrary, Debtor and Father are conclusively presumed to have equal interests in the Property under Colo. Rev. Stat. § 38-31-101(6)(a)(I). That may be true as a starting point, but it is not an ending point. Trustee's argument ignores Colo. Rev. Stat. § 38-31-101(6)(b), which specifically provides for claims for equitable relief among joint tenants, such as partition and accounting, which have been delineated as follows:

> A court's function when deciding a partition action is not to create new interests in property held by tenants in common, but is merely to sever the unity of possession owned by the tenants. Therefore, when partitioning property held by tenants in common, each with an undivided one half interest, the court should only assign the one half interest in the property to each tenant and cannot grant a greater share of the property to either.
>
> A partition suit and demand for an accounting is an equitable proceeding and is governed by § 38-28-101 et seq., C.R.S.1973. Section 38-28-103, C.R.S.1973, provides that in a partition proceeding the court shall make a complete adjudication as to the rights of all persons to the property. Section 38-28-110, C.R.S.1973, provides:
>
>> "The court at any time may make such orders as it may deem necessary to promote the ends of justice to completely adjudicate every question and controversy concerning the title, rights, and interest of all persons whether in being or not, known or unknown, and may direct the payment and discharge of liens and have the property sold free from any lien or may apportion any lien among the persons to whom the partition is made."
>
> Hence, once the property has been divided, the court may then, to reach an equitable result, compute the contribution of each tenant and offset any amount owing against the one half share held by each tenant.

*Martinez v. Martinez*, 638 P.2d 834, 836 (Colo. App. 1981) (citations omitted).[3]

Section 541(d) requires the Court to determine the extent of Debtor's "equitable interest" in the Property, so the Court must consider appropriate equitable factors. The

---

[2] This clarity renders inapposite cases applying the law of other states, such as *Morris v. Kasparek (In re Kasparek)*, 426 B.R. 332, 348 (10th Cir. BAP 2010) (holding Kansas law required unequal interests to be noted on the deed).

[3] The language of Colo. Rev. Stat. § 38-28-110 applied in *Martinez* remains the same today.

partition and accounting provisions referenced in Colo. Rev. Stat. § 38-31-101(6)(b) and set forth in Colo. Rev. Stat. § 38-28-110 and *Martinez* apply here and require the Court to consider Father's contributions when determining the amount of proceeds available for distribution to Debtor's creditors if her case were a Chapter 7 case and her Chapter 7 Trustee were able to sell the Property. *See Weinman v. Feshaye (In re Sbahtu),* No. 22-14103 TBM, 2024 WL 206342, at **17-21 (Bankr. D. Colo. Jan. 18, 2024) (following *Martinez* in determining the extent of debtor's estate's interest in proceeds of a sale of jointly owned property under § 363(h)).

To the extent Debtor's hypothetical Chapter 7 Trustee sought to sell both Debtor's and Father's interests in the Property under § 363(h),[4] the Chapter 7 Trustee would need to establish each § 363(h) element, specifically including that the benefit to Debtor's estate would outweigh the detriment to Father if the Property were sold. Here, it is not clear a Chapter 7 Trustee would be able to establish that element. In *Sbahtu*, where the non-debtor co-owner had made all the payments for the property, lived in the property and would be entitled to claim a homestead exemption, and would suffer financially and emotionally if she had to find another place to live, the court found the Chapter 7 Trustee had not established that the benefit to debtor's estate, after payment of costs of sale and a trustee's commission, reduced by the amount of the non-debtor co-owner's contributions to the property, outweighed the detriment to the non-debtor co-owner. *Sbahtu*, 2024 WL 206342, at **20-21. The facts before the Court here are similar to those of *Sbahtu*. It is undisputed Father contributed the entire purchase price of the Property and made all tax payments, insurance payments, and maintenance payments regarding the Property. It is also undisputed Father, whom Debtor represents to be both elderly and disabled, lives in the single-family home on the Property.

The Court does not have specific numbers before it, such as the Property's likely sale price, the anticipated costs of sale, the Chapter 7 Trustee's commission, the effect of any applicable homestead exemption, and the amount of Father's contributions to the Property. As the party with the burden of proof, Debtor must present sufficient evidence for the Court to make its determination. As another bankruptcy court explained:

> Under the best interest of the creditors test, the plan proponent bears the burden of proof to establish by a preponderance of the evidence that its plan is within the creditors' best interests. As mentioned above, in analyzing whether a plan is within the creditors' best interest, the court ascertains the liquidation value of creditors' claims by creating a hypothetical Chapter 7 liquidation. After determining this liquidation value, the court should then make "an independent finding, based on the evidence and arguments presented, whether creditors will receive as much under the plan as they would in a hypothetical Chapter 7 liquidation." Bankruptcy courts should issue their findings based on the record adduced at trial. Such independent findings must be based on proper evidence rather than "mere assumptions

---

[4] Debtor's hypothetical Chapter 7 Trustee could attempt to sell Debtor's undivided interest in the Property under § 363(b), but such a sale would be unlikely to yield a substantial distribution for creditors, for the reasons set forth in *Sbahtu*, 2024 WL 206342, at *18.

4

> or assertions." However, it is important to note that the valuation of claims in a hypothetical Chapter 7 liquidation is "not an exact science" because the process entails a considerable degree of speculation. Thus, the court need only make a well-reasoned estimate of the liquidation value that is supported by the evidence on the record. It is not necessary to itemize or specifically determine precise values during this estimation procedure. Requiring such precision would be entirely unrealistic because exact values could only be found if the debtor actually underwent Chapter 7 liquidation.

*In re W.R. Grace & Co.*, 475 B.R. 34, 142 (D. Del. 2012) (citations omitted) (applying the best interest of creditors test in a Chapter 11 case), *aff'd*, 729 F.3d 332 (3d Cir. 2013). To allow the Court to make a well-reasoned estimate of the amount Debtor's creditors would receive in a Chapter 7 distribution, the Court will require Debtor to provide at least approximate amounts for all relevant items.

### III. CONCLUSION

For the reasons discussed above, the Court cannot, at this time, find Debtor has met her burden of proving her plan satisfies the best interest of creditors test. The Court will set a status conference to determine the next steps needed regarding plan confirmation.

Accordingly,

IT IS HEREBY ORDERED that Debtor's plan cannot be confirmed at this time. By separate order, the Court will set a status conference on remaining issues regarding plan confirmation.

Dated January 29, 2026

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge